IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND USHER,

Plaintiff, No. CIV S-10-0952 LKK DAD PS

v.

GREENPOINT MORTGAGE FUNDING, INC.; RELIABLE TRUST DEED SERVICES, VANDERBILT MORTGAGE & FINANCE INC., and DOES 1-10,

Defendants. /

FINDINGS AND RECOMMENDATIONS

This case came before the court on June 4, 2010, for hearing on motions to dismiss plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and to strike plaintiff's opposition, brought on behalf of defendant Greenpoint Mortgage Funding, Inc. (Doc. Nos. 5 and 14.)[1] Defendants Vanderbilt Mortgage & Finance, Inc. and Reliable Deed Services, Inc. joined in those motions. (Doc. Nos. 9 and 15.) Casey J. McTigue, Esq. appeared at the hearing for defendant Greenpoint Mortgage Funding, Inc., Mark Blackman, Esq. appeared

[1] The motion was originally noticed for hearing before the assigned district judge. On April 26, 2010, defendant Greenpoint Mortgage Funding, Inc. filed an amended notice of motion properly setting the matter for hearing before the undersigned.

telephonically for defendants Vanderbilt Mortgage & Finance, Inc. and Reliable Deed Services, Inc. Plaintiff Raymond Usher, proceeding pro se, appeared at the hearing on his own behalf. Upon consideration of all written materials filed in connection with the motions, arguments at the hearing, and the entire file, the undersigned recommends that defendants' motion to strike plaintiff's opposition be denied and that their motion to dismiss be granted.

BACKGROUND

Plaintiff originally filed his complaint on September 30, 2009, in the Placer County Superior Court. On March 18, 2010, plaintiff filed a first amended complaint in that action. Thereafter, on April 19, 2010, defendant Greenpoint Mortgage Funding, Inc., with the consent of defendants Vanderbilt Mortgage & Finance, Inc. and Reliable Deed Services, Inc., removed the action pursuant to 28 U.S.C. § 1441(b) on the grounds that this court has original jurisdiction over the claims brought under federal law by plaintiff in his first amended complaint, including those brought pursuant to the Federal Fair Debt Collections Practices Act (FDCPA) and the Truth in Lending Act (TILA). See Notice of Removal (Doc. No. 1).

PLAINTIFF'S CLAIMS

In his first amended complaint, plaintiff alleges as follows. He is the owner of the subject property located in Auburn, California. (Doc. No. 1-2 at 3, ¶ 1.) On May 8, 2007, he borrowed $770,000 through defendant Greenpoint Mortgage Funding, Inc. secured by a First Deed of Trust on the subject property. (Id. at 4, ¶¶ 5-6.) Plaintiff executed a deed of trust conveying to defendant Reliable Trust Deed Services, Inc., as trustee, the subject property with that Deed of Trust being recorded on May 5, 2007. (Id.) At some point thereafter, defendant Reliable Trust Deed Services, Inc. claimed plaintiff had breached the obligation secured by the Deed of Trust by failing to pay $39, 978.41 on the loan. (Id. at 5, ¶ 7.) Accordingly, on March 5, 2009, defendant Reliable Trust Deed Services, Inc. recorded a Notice of Default and Election to Sell under Deed of Trust. (Id.)

/////

Plaintiff appears to allege that defendant Reliable Trust Deed Services, Inc. is not the "holder in due course" of the note identified in the Notice of Default. (Id. at 5, ¶ 8) (emphasis in original). In addition, plaintiff asserts that defendants refused his conditional tender offer, failed to validate the purported debt, and defrauded him. (Id. at 5-6, ¶¶ 8, 13.)) Specifically, plaintiff alleges that defendant Greenpoint fraudulently transferred his loan to defendant Vanderbilt Mortgage and Finance, Inc. (Id. at 7, ¶ 15.) Plaintiff also claims that defendant Greenpoint violated TILA by concealing the fact that it was not funding his loan and that Greenpoint engaged in "check-kiting" when it assigned the Deed of Trust. (Id. at 7, ¶ 16.)[2] Plaintiff asserts that defendants violated the Fair Debt Collections Practices Act (FDCPA) and California's Rosenthal Fair Debt Collections Practices Act (RFDCPA) by unlawfully proceeding with foreclosure despite the fact that he was challenging the validity of the purported debt and without being the "holder in due course" of the Note and Deed of Trust as of the date of foreclosure. (Id. at 7-9, ¶¶ 17-18.) Finally, plaintiff appears to possibly claim that defendants breached their obligation to act in "good faith and fair dealing." (Id. at 9, ¶¶ 19-20.)

Based on these allegations, plaintiff contends that the note in question is invalid, the non-judicial foreclosure and trustee sale are unlawful and that he is entitled to have all rights of ownership in the subject property restored to him. (Id. at 9-10, ¶ 21 and 11, ¶24.) Accordingly, plaintiff seeks actual and punitive damages, declaratory relief, a permanent injunction enjoining defendants from foreclosing on his home or holding a trustee sale of that property, reinstatement of title to the property in his name, and attorney fees and costs. (Id. at 11-12.)

ARGUMENTS OF THE PARTIES

Defendants seek dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that he has failed to state any cognizable claim.

---

[2] Plaintiff's first amended complaint suggests that he actually funded his own mortgage loan with his promissory note and that defendants merely sold the note and fraudulently called the transaction a loan. (Doc. No. 1-2 at 7, ¶¶15-16 and 10, ¶ 21(c).)

Specifically, defendants advance the following arguments. Plaintiff has failed to plead any claim of fraud with the particularity required under Federal Rule of Civil Procedure 9(b). Plaintiff has failed to allege any material violation of the Truth in Lending Act (TILA). Plaintiff has not stated, and cannot state, cognizable claims for violation of the FDCPA or RFDCPA because those provisions do not apply to non-judicial foreclosure actions such as that at issue here. Plaintiff cannot state a cognizable claim challenging the non-judicial foreclosure procedure utilized in this case without tendering the full amount owed and, in any event, his reliance on the "holder in due course theory in support of this claim has been consistently rejected by the courts.

In his untimely-filed opposition plaintiff argues that on numerous occasions he tendered offers to pay his debt in full on the condition that the purported debt "be validated" but the defendants failed to properly respond. Plaintiff repeats the contention, set forth in his first amended complaint, that the promissory note he signed was the equivalent of cash and, therefore, the transaction he entered into was not a loan at all and any purported debt associated therewith is invalid. He also argues that defendants defrauded him and violated TILA by failing to disclose that the transaction was not, in actuality, a loan. Plaintiff asserts that because the purported debt has not been validated, defendants violated the FDCPA and state law in continuing with collection and foreclosure activities. Plaintiff notes that judicial foreclosures proceedings have been halted in some instances where the mortgagee has failed to authenticate the Note and Deed of Trust and failed to establish its authority to enforce the Note. Finally, plaintiff requests that leave to amend be granted if the court were to grant the pending motion.[3]

/////

[3] In the conclusion of his opposition, plaintiff suggests that defendants removal of this action was untimely. Defendants counter that the action was removed within the time period provided following plaintiff's filing of his first amended complaint in which he first raised his federal claims. In any event, defendants contend, untimely removal is waived if not promptly challenged and plaintiff failed to do so. The court finds defendants' arguments in this regard to be persuasive and therefore rejects plaintiff's opposition to the pending motion on the basis of untimely removal.

Defendants moved to strike plaintiff's opposition as having been untimely filed. (Doc. No. 14.) They argue, that even if the court considers the untimely opposition, their motion to dismiss this action with prejudice should be granted for all the reasons set forth in their moving papers.

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs

absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Thus, pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[4]

For the reasons set forth below, the undersigned will recommend that defendants' motion to dismiss be granted and that this action be dismissed with prejudice.

ANALYSIS

At the outset, defendants have requested judicial notice of documents related to the matters at issue. (Docs. No. 6.) Specifically, defendants request that the court take judicial notice of the following: (1) a Deed of Trust executed by plaintiff and his wife and recorded in the Placer County Recorder's Office on May 14, 2007; (2) the Notice of Default and Election to Sell recorded with the Placer County Recorder's Office on March 20, 2009; (3) a Notice of Trustee Sale recorded with the Placer County Recorder's Office on September 29, 2009; and (4) a Notice of Trustee's Deed Upon Sale recorded in the Placer County Recorder's Office on October 21, 2009. (Doc. No. 6, Exs. A - D.) Defendants' requests for judicial notice will be granted pursuant to Federal Rule of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

/////

---

[4] "Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

I. Plaintiff's Fraud Cause of Action

In his first amended complaint plaintiff alleges in general fashion that a fraud was "committed upon him" in connection with what he refers to as a "fraudulent mortgage loan." (Doc. No. 1-2 at 1.) It appears that plaintiff may be attempting to bring a fraud cause of action against defendants based on the notion that defendant Greenpoint fraudulently sold plaintiff's promissory note, resulting in plaintiff essentially funding his own loan, and did not reveal it had done so to plaintiff. (Id. at 7.)

Such conclusory allegations fail to state a cognizable claim. First, it is impossible to ascertain with any degree of particularity the precise conduct being alleged as to each of the named defendants. As such, plaintiff has failed to place each of the defendants on notice of the claim or claims being asserted against it. Furthermore, however, plaintiff's fraud claim invokes no applicable statutory or common law authority pursuant to which the court could grant relief.

Nonetheless, construing the first amended complaint liberally, the court notes that under California Civil Code § 1689(b)(1), a party to a contract may rescind the agreement if his consent to the contract was obtained through fraud. However, under California law a claim of fraud must allege the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996) (internal quotation marks omitted). When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" Lazar, 12 Cal.4th at 645 (quoting Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

Similarly, federal law requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent,

knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988). See also e.g. Spencer v. DHI Mortgage Co., Case No. CV F 09-0925 LJO DLB, 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009). Dismissal of a fraud claim is appropriate when its allegations fail to meet the required pleading standard. Vess, 317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged"); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994); 1991); Tarmann, 2 Cal. App.4th at 157.

Here, even were there any substance to his claim that he funded his own loan, plaintiff's bare allegation that the defendants failed to adequately explain the transaction to him is clearly insufficient to state a cognizable fraud claim under the standards set forth above. Plaintiff has not alleged fraud with the required particularity to state a plausible claim for relief. Plaintiff's cause of action alleging fraud should therefore be dismissed for failure to state a claim upon which relief can be granted.

II. TILA Cause of Action

As noted above, plaintiff alleges in his first amended complaint that defendants violated TILA by failing to disclose to him that this transaction was, in fact, not a mortgage loan and that they had engaged in "check-kiting" by transferring the Deed of Trust.[5] Plaintiff appears to seek rescission and the award of damages in connection with this cause of action.

To the extent this cause of action is based on plaintiff's theory that he funded his own loan with the promissory note he and his wife executed and that the transfer of the Deed of

[5] Despite his use of the term, plaintiff's description of the actions about which he seeks to complain clearly do not match the definition of a check-kiting scheme. See Williams v. United States, 458 U.S. 279, 281, n.1 (1982).

Trust was a check-kiting transaction, it clearly fail to state a cognizable claim under TILA. In this regard,

> "Material disclosures" are defined by TILA as: . . . [T]he disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title. 15 U.S.C. § 1602(u). Similarly, under Regulation Z, " 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32(c) and (d)." 12 C.F.R. § 226.23(a)(3) n. 48.

Jefferies v. Ameriquest Mortg. Co., 543 F. Supp.2d 368, 379 (E.D. Pa. 2008). See also Yarney v. Wells Fargo Bank, N.A., No. 3:09-cv-00050, 2010 WL 3075460, *3 (W.D. Va. Aug. 5, 2010). The alleged non-disclosures about which plaintiff seeks to complain are not within the scope of "material disclosures" as defined by TILA.[6]

Moreover, the court notes that to state a claim for rescission under TILA a plaintiff must allege that he is able to tender the proceeds of the loan. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds); LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1974); Garcia v. Wachovia Mortgage Corp., 676 F. Supp.2d 895, 903 (C.D. Cal. 2009). In his opposition to the motion to dismiss, plaintiff merely suggests that he offered to meet the tender

---

[6] Nor has plaintiff pled any facts explaining why he could not have discovered the alleged TILA violations at the time of the consummation of the loan as required. See Wilson v. First Franklin Financial Corp., Civ. No. S-08-2572 FCD/JFM, 2010 WL 2106551, at *3 (E.D. Cal. May 25, 2010) ("Such factual underpinnings are all the more important . . . since the vast majority of [plaintiff's] alleged violations under TILA are violations that are self-apparent at the consummation of the transaction.") (quoting Cervantes v. Countrywide Home Loans, Inc., No. CV 09-517-PHX-JAT, 2009 WL 3157160, at *4 (D. Ariz. Sept. 24, 2009)).

requirement conditioned on the validation of the purported debt by defendants. (Opp'n at 2.) Such a conditional and illusory offer does not satisfy the tender requirement. See Lal v. American Home Servicing, Inc., 680 F. Supp. 2d 1218, 1222-23 (E.D. Cal. 2010) (tender requirement for a TILA rescission claim not met by plaintiff/borrower's proffer that once successful in their civil action they will be able to secure refinancing to satisfy their obligation).

Finally, it appears from the recorded documents before this court that the loan in question was secured by the primary residence of plaintiff and his wife. As such, this was a "residential mortgage transaction" which is exempt from TILA's right of rescission. See 15 U.S.C. § 1635(e)(1); Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 879 (6th Cir. 2006); see also Khan v. GMAC Mortgage, LLC, No. 2:10-cv-00900-GEB-JFM, 2010 WL 2635095, at *3 (E.D. Cal. June 30, 2010); Wilson v. First Franklin Financial Corp., Civ. No. S-08-2572 FCD/JFM, 2010 WL 2106551, at *2 (E.D. Cal. May 25, 2010) (concluding that such residential mortgage transactions are also exempted from Regulation Z (12 C.F.R. § 226.23(f)(1)) and the Home Ownership and Equity Protection Act (15 U.S.C. § 1602(aa)(1))).[7]

For all of these reasons, plaintiff's TILA cause of action should be dismissed with prejudice.

/////

---

[7] The undersigned would also note that any claim for damages under TILA would appear to be barred by the applicable statute of limitations. Such a suit for damages must be filed within one year following the alleged violation. 15 U.S.C. § 1640(e). The failure to make required disclosures for purposes of a damages claim under TILA occurs on the date the loan documents are signed, because on that date the buyer is in possession of all information relevant to the buyer's discovery of the TILA violation and the basis for a damages claim. Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Federal Bank, 682 F. Supp.2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate."); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1122 (N.D. Cal. 2009). Here, plaintiff commenced his suit in state court on September 30, 2009, more than twenty-eight months after the mortgage loan was made and any TILA violation could have occurred, and over sixteen months after the statute of limitations with respect to a claim of damages under TILA had expired.

III. Plaintiff's FDCPA/RFDCPA Cause of Action

Plaintiff's next cause of action appears to allege that defendants engaged in unfair debt collection practices in violation of the Federal Fair Debt Collections Act (FDCPA) and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA). (Doc. No. 1-2 at 7-8, ¶ 17.) However, plaintiff's first amended complaint provides no factual allegations of any kind in support of this claim and it is subject to dismissal on that basis alone.

The RFDCPA prohibits a host of unfair and oppressive methods of collecting debt, but to be liable under the RFDCPA a defendant must fall under its definition of "debt collector." Izenberg v. ETS Svcs., LLC, 589 F. Supp.2d 1193, 1199 (C.D. Cal. 2008). A "debt collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." California Civil Code § 1788.2(c). Plaintiff does not identify in his first amended complaint the sections of the RFDCPA that defendants allegedly violated and fails to allege facts that would support the inference that defendants are "debt collectors" under the RFDCPA. Moreover, plaintiff's first amended complaint fails to allege essential elements necessary to establish liability as a "debt collector," namely that the deed of trust memorializes a "consumer credit transaction" and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA. See California Civil Code § 1788.2(b) and (f). Plaintiff's bare allegations, without even identifying what part of the RFDCPA defendants violated, are insufficient to survive a motion to dismiss. See Rosal v. First Fed. Bank of Cal., No. 09-1276, 2009 WL 2136777, at * 18 (N.D. Cal. July 15, 2009).

Additionally, foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA. See Izenberg, 589 F. Supp.2d at 1199; see also Rosal, 2009 WL 2136777, at *18 (dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009) (dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing

with prejudice plaintiff's Rosenthal Act claim in a foreclosure case because a "residential mortgage loan does not qualify as a 'debt' under the statute"); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in a foreclosure case). Since residential mortgage loans do not fall within the RFDCPA, the court should grant defendants' motion to dismiss plaintiff's RFDCPA cause of action.

To the extent plaintiff is attempting to allege that a non-judicial foreclosure on the subject property violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., he once again cannot state a cognizable claim. The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds,761 F.2d 237 (5th Cir. 1985). Moreover, foreclosing on the subject property pursuant to a Deed of Trust is not the collection of a debt within the meaning of the FDCPA. Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); Ines v. Countrywide Home Loans, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008).

Accordingly, this cause of action fails to state a cognizable claim and should be dismissed with prejudice.

IV. Plaintiff's Wrongful Foreclosure Cause of Action

To the extent plaintiff seeks to pursue a wrongful foreclosure claim, that cause of action should be dismissed because plaintiff has failed to allege his unconditional ability to tender. In this regard,

> "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112,117 (Cal. App. 2d Dist. 1971). The overwhelming majority of California district courts utilize the Karlsen rationale in examining wrongful foreclosure claims. Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D. Cal.

> August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999).

Somera v. Indymac Fed. Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010). See also Yamamoto, 329 F.3d at 1171-73 (holding that rescission under TILA "*should be* conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds).

Plaintiff's first amended complaint requests, among other things, that the court: (1) declare the note invalid and the foreclosure and Trustee Sale of the subject property unlawful; (2) permanently enjoin foreclosure proceedings against the subject property; and (3) require reinstatement of title to the property in plaintiff's name. However, under California law, in order to pursue such relief based upon a claim of wrongful foreclosure plaintiff is "required to allege tender of the amount of [defendant's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996). See also Grant v. Aurora Loan Servs., Inc., ___ F. Supp. 2d ___, ___, No. CV 09-08174 MM(CTx), 2010 WL 3517399, at *8 (C.D. Cal. Sept. 10, 2010); Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 104-05 (E.D. Cal. 2010); Labra v. Cal-Western Reconveyance Corp., No. C 09-2537 PJH, 2010 WL 889537, at *9 (N.D. Cal. Mar. 11, 2010). The plaintiff must

demonstrate both a willingness to pay and the ability to pay. In re Worcester, 811 F.2d 1224, 1231 (9th Cir. 1987). As noted above, plaintiff has not done so here.

Plaintiff also alleges that the foreclosure proceedings brought against the subject property were unlawful because none of the defendants were the "holder in due course." Plaintiff's claim is frivolous. "Under California Civil Code § 2924 et seq., possessing the note is irrelevant to nonjudicial foreclosures. See Sicairos v. NDEX West, LLC, 2009 WL 385855 (S.D. Cal. 2009) (under section 2924, no party needs to physically possess the promissory note). Therefore, plaintiff's claims for wrongful foreclosure and breach of the covenant of good faith and fair dealing, predicated on the 'holder in due course' claim, cannot lie." Vaughn v. CitiMortgage Inc., No. CIV 10-1463 MCE KJM PS, 2010 WL 4069359, at *1 (E.D. Cal. Oct. 18, 2010).

In short, plaintiff has not alleged any facts supporting a cognizable claim of wrongful foreclosure. Even if he had alleged such facts, he has not alleged tender or the unconditional ability to offer tender. Accordingly, defendants' motion to dismiss plaintiff's wrongful foreclosure cause of action should be granted.

V. Other Possible Causes of Action

In his first amended complaint and/or his opposition to the pending motion, plaintiff refers to defendants' alleged breach of a fiduciary duty and failure to act in good faith and engage in fair dealing. These passing references obviously fail to state any cognizable claim.

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal. App.4th 515, 524 (2008). "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal. App.4th 1093, 1101-02 (1991). "The relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App.3d 1089,

1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior Court, 145 Cal. App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender). Rather, a commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark, 231 Cal. App.3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal. App.3d 38, 67 (1988)). These defendants had no fiduciary duty to plaintiff, absent special circumstances. Plaintiff has not alleged any facts suggesting the existence of special circumstances such that a fiduciary relationship between himself and defendants was created, i.e., facts suggesting that the defendants' involvement in the loan transaction exceeded the scope of the conventional role as a mere money lender. Instead, plaintiffs' complaint contains only bare conclusory allegations, which are insufficient to withstand a motion to dismiss. See Twombly, 550 U.S. at 555-56.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." Fortaleza v. PNC Fin. Servs. Group, Inc., 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing Racine & Laramie v. Dep't of Parks & Rec., 11 Cal. App. 4th 1026, 1031 (1992)). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena, 114 Cal. App.4th 1089, 1093-1094 (2004). See also Guz v. Bechtel Nat. Inc., 24 Cal 4th 317, 349-50 (2000) "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself ." Wolf v. Walt Disney Pictures and Television, 162 Cal. App.4th 1107, 1120 (2008). Plaintiff has not alleged any facts explaining how defendants breached any implied covenant of good faith and fair dealing in connection with this mortgage loan transaction.

Accordingly, any such claims are also subject to dismissal with prejudice.

VI.. Claim for Declaratory and Injunctive Relief

In his first amended complaint plaintiff seek declaratory and injunctive relief. Specifically, plaintiff seeks a judicial determination that the loan in question was invalid due to defendants' conduct and a declaration that defendants may not proceed with foreclosure proceeding on the subject property. For the reasons set forth above in addressing plaintiff's substantive causes of action, plaintiff's claim for declaratory relief fails.

It is well recognized that "where a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous 'second cause of action for the determination of identical issues' subsumed within the first." Jensen v. Quality Loan Service Corp., 702 F. Supp. 2d 1183, , (E.D. Cal. 2010) (citing Hood v. Superior Court, 33 Cal. App. 4th 319, 324 (1995) and Gen. of Am. Ins. Co. v. Lilly, 258 Cal. App. 2d 465, 470 (1968)). See also Camillo, 2009 WL 3614793, at *13 (dismissing declaratory relief claim as redundant where the claim would not resolve issues other than those addressed by way of the substantive claims of the complaint). Plaintiff's claim for declaratory relief should therefore be dismissed.

It is also apparent that plaintiff is not entitled to injunctive relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008)). Plaintiff's vague request for injunctive relief is premised on his flawed substantive claims. For the reasons set forth above with respect to those claims, plaintiff has failed to demonstrate that he is likely to succeed on the merits, that the balance of equities tips in his favor or that an injunction is in the public interest. Accordingly, plaintiff's prayer for injunctive relief should also be dismissed.

/////

VII. Granting Leave to Amend Would Be Futile

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the obvious deficiencies in and frivolous nature of plaintiff's first amended complaint. Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendants' requests for judicial notice (Doc. No. 6) be granted pursuant to Federal Rule of Evidence 201;

2. In light of plaintiff's pro se status, defendants' motion to strike (Doc. No. 14) plaintiff's untimely opposition be denied;

3. Defendants' motion to dismiss (Doc. No. 5), originally filed on April 26, 2010, be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and

4. This action be dismissed in its entirety with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after the objections are served. The parties are advised

/////

that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.pro se/usher0952.mtd.f&r