1

2

3

4                          UNITED STATES DISTRICT COURT

5                        EASTERN DISTRICT OF CALIFORNIA

6

7    RAYMOND USHER,                         No. 2:10-cv-00952-GEB-CKD

8                 Plaintiff,

9         v.                               **ORDER DENYING PLAINTIFF'S MOTION
                                           TO VACATE JUDGMENT**
10   GREENPOINT MORTGAGE FUNDING,
     INC.; RELIABLE TRUST DEED
11   SERVICES; and VANDERBILT
     MORTGAGE & FINANCE, INC.,
12

13                Defendants.

14

15          On December 29, 2015, almost four years after judgment

16   was entered in this action, Plaintiff filed a motion to vacate

17   the judgment entered on February 2, 2011.[1] (ECF Nos. 31, 37.)

18   Plaintiff makes the conclusory argument in his motion that

19   Federal Rule of Civil Procedure ("Rule") 60(b)(3) authorizes the

20   vacation of the judgment because Defendants GreenPoint Mortgage

21   Funding, Inc., Reliable Trust Deed Services, and Vanderbilt

22   Mortgage & Finance, Inc. (collectively, "Defendants") concealed,

23   or failed to disclose, the identities of proposed new defendants

24   Plaintiff now seeks to add as defendants in this closed lawsuit,

25

26   [1]   Plaintiff also seeks judicial notice of numerous documents, (ECF
     No. 39); Plaintiff, however, has not shown the relevancy of the referenced
27   documents to the motion *sub judice*; therefore, the request for judicial notice
     is declined. See Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022,
28   1025 n.2 (9th Cir. 2006) ("We decline to take judicial notice of the . . .
     [documents], as they are not relevant to the resolution of this appeal.").

                                        1

1    contending that they were previously involved with the mortgage

2    note of his former home that has been sold. (See ECF No. 37 at 4

3    ¶ 1; ECF No. 40 at 5:10-12.) Specifically, Plaintiff argues that

4    Defendants should have provided Plaintiff with the identities of

5    the proposed new defendants before judgment was entered in this

6    action; therefore, judgment should be vacated, and Plaintiff

7    should be authorized to add the referenced new defendants in an

8    amended complaint. (ECF No. 37 at 3:18-28.) Defendants oppose, in

9    essence arguing that they were not required to provide Plaintiff

10   the information he references.[2]

11         The provision of Rule 60 applicable to the relief

12   Plaintiff seeks is Rule 60(b)(3). Concerning Rule 60(b)(3), Rule

13   60(c)(1) provides in pertinent part: "A motion under Rule 60(b)

14   must be made within a reasonable time—and . . . no more than a

15   year after the entry of the judgment or order or the date of the

16   proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion is

17   untimely under Rule 60(c)(1). However, Plaintiff argues judgment

18   may be set aside after the one-year deadline in Rule 60(c)(1)

19   since there has been a "fraud on the court." (ECF No. 37 at 2:22-

20   26.)

21              [Rule] 60(b) preserves the district court's
                right to hear an independent action to set
22              aside a judgment for fraud on the court. An
                independent action to set aside a judgment
23              for fraud on the court is "reserved for those
                cases of injustices which, in certain
24              instances, are deemed sufficiently gross to
                demand a departure from rigid adherence to
25              the doctrine of res judicata." "[A]n

26   _____

     [2]    Lastly, Plaintiff filed motions to strike Defendants' briefs that
27   respond to Plaintiff's motions. (ECF Nos. 51-52.) Defendant GreenPoint
     Mortgage Funding, Inc. opposes Plaintiff's motion to strike. (ECF No. 56.)
28   Plaintiff's motions to strike Defendants' response briefs are denied, since
     Plaintiff has not provided sufficient authority supporting those motions.

1  independent action should be available only
   to prevent a grave miscarriage of justice."

2

3  Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th

4  Cir. 2003) (second alteration in original) (citations omitted)

5  (quoting United States v. Beggerly, 524 U.S. 38, 46-47 (1998)).

6  The Ninth Circuit has explained:

7          "Fraud upon the court" should, we believe,
          embrace only that species of fraud which does
8          or attempts to, defile the court itself, or
          is a fraud perpetrated by officers of the
9          court so that the judicial machinery can not
          perform in the usual manner its impartial
10         task of adjudging cases that are presented
          for adjudication.

11

12 In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999). "Generally,

13 non-disclosure [of evidence] by itself does not constitute fraud

14 on the court." Id.

15         Plaintiff has not shown that Defendants had an

16 affirmative obligation to disclose the information he references

17 in his motion, nor that the fraud on the court doctrine applies

18 to the situation about which he complains.

19         Therefore, Plaintiff's motion to vacate the February 2,

20 2011, judgment is denied.

21 Dated:  March 30, 2016

22

23

24 _____
   GARLAND E. BURRELL, JR.
25 Senior United States District Judge

26

27

28

                                    3